IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER D. BRUMETT,
    Plaintiff,

vs.                                     Case No. 3:07cv448/LAC/EMT

SANTA ROSA COUNTY, et al.,
    Defendants.
_____/

### ORDER

       This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 7). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

       Plaintiff, a prisoner proceeding pro se, has named four Defendants in the instant complaint: (1) Santa Rosa County; (2) James Russell, a corrections officer at the Santa Rosa County Jail; (3) Lisa Fryer, an employee of the Santa Rosa County Sheriff's Office; and (4) Judge Ron Swanson (*see* Doc. 1 at 1–2). Although Plaintiff's allegations are unclear, he appears to allege that in May 2007, he was arrested in Okaloosa County for failing to register as a sexual offender (*see id.* at 6). However, Plaintiff states that on May 24, 2007, charges against him in Okaloosa County were dismissed, but he was not released from custody because a "hold" from Santa Rosa County had been placed against him, based upon a warrant signed by Judge Swanson that appeared to Plaintiff to "be a rambling" warrant (*see id.*). Plaintiff was eventually transferred to the Santa Rosa County Jail, and Plaintiff complains that he has been illegally detained there since about June 7, 2007, without probable cause and based on an illegal arrest (*see id.* at 5–6). In the statement of claims section of the complaint form, Plaintiff alleges that his liberty interest has been violated because he has been

held in jail illegally without probable cause (*see id.* at 7). For relief, Plaintiff only seeks damages in the amount of "no less than [$600.00 for] each day [he has] been confined" (*id.*). Plaintiff does not seek release from custody.[1]

Initially, Plaintiff must clarify the Defendants in this matter. In the style of the case on page one of the complaint form Plaintiff names Santa Rosa County, Officer Russell, Ms. Fryer, and Judge Swanson as Defendants (*see id.* at 1). However, in the Defendant(s) section of the complaint form on page two, Plaintiff names only Officer Russell, Ms. Fryer, and Judge Swanson (*see id.* at 2). Moreover, in the statement of facts and statement of claims sections of the complaint form, Plaintiff only discusses actions allegedly taken by Officer Russell and Judge Swanson (*see id.* at 5–7). In fact, no other named Defendants are mentioned at all. In amending his complaint, Plaintiff must list each person that he wants to sue in both the style of the case on page one and in the "Parties" section on page two of the complaint form. Then, in the "Statement of Facts" portion of the complaint, Plaintiff must describe how each named Defendant harmed him. If Plaintiff cannot state how a Defendant harmed him, Plaintiff should drop that person from the complaint.

Next, the facts fail to show Plaintiff is entitled to the relief he seeks. Subsection (e) of 42 U.S.C. § 1997e states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis

---

[1]To the extent that Plaintiff's complaint may be construed as seeking release from custody and the "right to be free" (Doc. 1 at 7), his action is properly brought in habeas corpus action. The Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Preiser, 411 U.S. at 490; *see also* Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Picard v. Connor, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Galtieri v. Wainwright, 582 F.2d 348 (5th Cir. 1978). Therefore, to the if Plaintiff seeks release from custody, he must first exhaust available state court remedies and then present his claims in a habeas corpus action, not a civil rights action.

physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied,* 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury). In the instant case, Plaintiff complains of an illegal detention; however, he does not allege any physical injury resulting therefrom. Thus, Plaintiff is not entitled to the relief he seeks.

With respect to Plaintiff's claim that he is being illegally held in the Santa Rosa County Jail, the court notes that the Santa Rosa County Clerk's online docket shows that Plaintiff pled nolo contendere to failure to register as a sexual offender on or about November 16, 2007. *See* http://www2.myfloridacounty.com/ccm/?county=57, search by name for "Brumett, Christopher" and select "Christopher Burmett," case number "07000444CFMA" (hereinafter "Burmett Docket"). Judges Swanson and Bergosh presided over Plaintiff's case. *See id.* On the same day, Plaintiff was sentenced to five (5) months and fifteen (15) days in the county jail and given five (5) months and fifteen (15) days credit for time served. *See id.* Moreover, Plaintiff appears to have been released from custody (*see* Docket Entry 8 (mail sent to Plaintiff at the Santa Rosa County Jail on or about November 16, 2007 was returned undelivered on November 27, 2007)). Thus, based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action appears warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at

2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Similarly, to the extent Plaintiff seeks damages attributable to the fact that he was wrongly incarcerated, Heck would require dismissal of this action unless Plaintiff establishes that his sentence or conviction has been invalidated.

Finally, Plaintiff is advised that he cannot maintain a suit for damages against Judge Swanson because judges acting in their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924, 925–26 (11th Cir. 1991), *cert. denied*, 503 U.S. 921, 112 S. Ct. 1299, 117 L. Ed. 3d 521 (1992). This immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–357, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e.,

whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355–357; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction), *cert. denied*, 454 U.S. 816, 102 S. Ct. 93, 70 L. Ed. 2d 85 (1981). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

Turning to the instant case, Plaintiff alleges that Judge Swanson signed an arrest warrant that seemed to ramble (*see* Doc. 1 at 6). Signing arrest warrants is a function normally performed by a judge. Furthermore, as Plaintiff was a party in a case over which Judge Swanson presided, he clearly dealt with Judge Swanson in his judicial capacity. Moreover, Plaintiff does not allege, nor do the facts suggest, that Judge Swanson acted in the complete absence of all jurisdiction. Thus,

Plaintiff's claim against Judge Swanson is subject to dismissal.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. In addition, <u>Plaintiff should describe the nature of the criminal charges filed against him and their disposition</u>. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by non-prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint." Alternatively, Plaintiff shall file a notice of voluntary dismissal within the same time.

3. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 4th day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**